USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CREDIT SUISSE SECURITIES (USA) LLC,

                Petitioner,

-against-

CHRISTOPHER M. LAVER,

                Respondent.

18 Civ. 2920 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Petitioner, Credit Suisse Securities (USA) LLC ("Credit Suisse"), brings this action against Respondent, Christopher M. Laver ("Laver"), to compel arbitration. Pet., ECF No. 1.[1] Laver moves to dismiss the petition, or, in the alternative, to stay the action pending a ruling from the Court of Appeals for the Ninth Circuit. ECF No. 30. For the reasons stated below, Laver's motion to stay is GRANTED.

## BACKGROUND

Laver is a former Credit Suisse employee. Pet. ¶ 1. He received a monthly salary and other compensation that was deferred and subject to certain vesting requirements. *Id.* ¶ 12. Laver alleges that "he was damaged as a result of the automatic cancellation of his unvested contingent deferred awards upon his December 4, 2015 resignation from Credit Suisse." *Id.* ¶ 27. As an employee, Laver agreed to comply with the Employment Dispute Resolution Program ("EDRP"), which requires arbitration of "any Employment-Related Claims . . . against Credit Suisse." *Id.* ¶ 1.

---

[1] References to the docket in this case will be marked as "ECF No. ___", references to the docket in the Northern District of California will be marked as "N.D. Cal. ECF No. ___", and references to the docket in the Ninth Circuit will be marked as "Ninth Cir. ECF No. ___."

On February 7, 2018, Laver filed a putative class action in the United States District Court for the Northern District of California (hereinafter "the California Action") on behalf of himself and other similarly situated former Credit Suisse financial advisers "terminated between October 20, 2015 and March 31, 2016 and who at the time their employment with Credit Suisse terminated had unvested Credit Suisse deferred compensation awards pursuant to one or more Share Plan." Compl. ¶ 29, *Laver v. Credit Suisse Securities (USA) LLC*, No. 18 Civ. 828, 2018 WL 3068109 (N.D. Cal. Feb. 7, 2018), N.D. Cal. ECF No. 1. On March 30, 2018, Credit Suisse filed two motions in that action. First, it moved to dismiss or, in the alternative, to stay the case arguing that the complaint should be dismissed in favor of arbitration. *Id.* at N.D. Cal. ECF No. 17. Its second motion sought to transfer the case to this Court. *Id.* at N.D. Cal. ECF No. 19. On April 3, 2018, Credit Suisse commenced the present action by filing a petition to compel arbitration. Pet.

On June 21, 2018, the Honorable William H. Orrick granted Credit Suisse's motion to dismiss the California Action because Laver "agreed to mediate and then arbitrate any claims regarding his employment with and compensation from [Credit Suisse] under the terms of the EDRP." *Laver v. Credit Suisse Securities (USA) LLC*, No. 18 Civ. 828, 2018 WL 3068109, at *10 (N.D. Cal. June 21, 2018) (hereinafter *Laver I*). Judge Orrick also denied the motion to transfer as moot. *Id.* On July 17, 2018, Laver appealed that order, which appeal is currently pending before the Ninth Circuit. N.D. Cal. ECF No. 36; *see also* Notice of Appeal, *Laver v. Credit Suisse Securities (USA) LLC*, No. 18-16328 (9th Cir. July 18, 2018), Ninth Cir. ECF No. 1. On September 20, 2018, Laver filed the present motion to dismiss without prejudice or, in the alternative, to stay the action pending resolution of the appeal in the Ninth Circuit. ECF No. 30.

# DISCUSSION

## I. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "It follows that the decision whether to issue a stay is firmly within a district court's discretion." *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (internal quotations marks and citation omitted). "District courts have broad authority to stay one action pending the outcome of another." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 17 Civ. 5916, 2018 WL 3849840, at *2 (S.D.N.Y. Aug. 10, 2018). In deciding whether to stay proceedings, courts in this Circuit examine the following five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Finn v. Barney*, No. 08 Civ. 2975, 2008 WL 5215699, at *2 (S.D.N.Y. Dec. 8, 2008) (internal quotation marks and citation omitted); *see also LaSala*, 399 F. Supp. 2d at 427; *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). "In balancing these . . . factors on a case-by-case basis, the basic goal is to avoid prejudice." *LaSala*, 399 F. Supp. 2d at 427 (internal quotation marks and citation omitted).

## II. Analysis

Beginning with the first factor, although Credit Suisse has an interest in proceeding expeditiously, the Court finds no serious prejudice to Credit Suisse if resolution of this action is delayed. Credit Suisse argues that it is injured by Laver's "continued pursuit of litigation in California" because it will "require significant resources to litigate" and "at the conclusion of

3

that appeal, years from now, Credit Suisse will be in a worse position than it is in today, as witnesses' memories will have further faded, and relevant documents may have been lost or degraded." Pet. Opp. at 12, ECF No. 32. However, regardless of whether a stay is ordered in this action, Credit Suisse will continue to have to devote resources to the California litigation as Laver has represented that he will "preserve his right to pursue his Ninth Circuit appeal on behalf of the putative class." Resp. Mem. at 15, ECF No. 31. Second, the appeal in the Ninth Circuit is fully briefed and thus it is unlikely that it will take years for the Ninth Circuit to render a decision. Ninth Cir. ECF No. 24. The Court finds, therefore, that any prejudice Credit Suisse will suffer is minimal,[2] and thus this factor weighs only slightly in favor of denying the stay.

Additionally, *Wework Companies Inc. v. Zoumer*, No. 16 Civ. 457, 2016 WL 1337280 (S.D.N.Y. Apr. 5, 2016), the only case Credit Suisse cites in support of its opposition to the stay, is inapposite. In that case, the Honorable P. Kevin Castel granted a petition to compel arbitration for claims arising from respondent's employment and rejected respondent's request to dismiss or transfer the petition to California, where respondent had commenced an action for violations arising out of her employment with petitioner. *Id.* at *1–2. However, the judge in the California proceedings had already stayed the California action pending resolution of the petition before Judge Castel. *Id.* at 1. In contrast, here, the action in the Ninth Circuit has not been stayed pending resolution of this petition, and is in fact fully briefed.[3] Ninth Cir. ECF No. 24.

---

[2] The Court is confident that in the current digital age, a party as sophisticated as Credit Suisse will be able to ensure that the relevant documents are preserved. With respect to witnesses' memories, because the appeal is fully briefed, the Court does not think this is as prejudicial as Credit Suisse claims it is.

[3] The Court is similarly unpersuaded by Credit Suisse's argument that it should not stay this action because Judge Orrick declined to do so. First, Judge Orrick noted that "Laver has not formally moved by noticed motion to enjoin or stay the SDNY action" and he would not "stay or enjoin the SDNY action . . . based on the informal request by plaintiff." *Laver I*, 2018 WL 3068109, at *5–7. Second, the circumstances have changed since Judge Orrick issued his ruling—namely, there is now an appeal pending in the Ninth Circuit.

4

With respect to the second factor, Laver, who has moved for the stay, will not be burdened by it. This factor is, therefore, neutral.

The third factor, which examines the interests of the courts, weighs heavily in favor of a stay. Staying this action "will best serve the interests of the courts by promoting judicial efficiency and minimizing the possibility of conflicts between different courts." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted). First, although the relief Credit Suisse seeks in this case differs from that sought in the California Action,[4] both actions raise the same question: whether Laver's claims are subject to arbitration. The same arguments and issues are at play in both cases—namely whether the Financial Industry Regulatory Authority ("FINRA") rules apply and prohibit compelled arbitration of Laver's class claims and whether the class waiver provision is unenforceable. *Compare* Brief for Plaintiff-Appellant at 5, *Laver v. Credit Suisse Securities (USA) LLC*, No. 18-16328 (9th Cir. Dec. 14, 2018), Ninth Cir. ECF. No. 8, *with* Resp. Opp. to Pet. at 14–21, ECF No. 9.

Although the Ninth Circuit's decision will not be binding on this Court, and Credit Suisse may still have to seek relief here if Laver continues to resist arbitration, "resolution of that appeal [may] guide this Court in ruling on . . . the key issues in this litigation." *Goldstein v. Time Warner N.Y.City Cable Grp.*, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998). A stay may be appropriate in cases where another proceeding is pending and may "bear upon [this case], even if such proceedings are not necessarily controlling of the action that is to be stayed." *LaSala*, 399 F. Supp. 2d at 427; *see also In re Literary Works in Elec. Databases Copyright Litig.,* No. 00

---

[4] In the California Action, Credit Suisse seeks to dismiss Laver's claims based on the arbitration agreement. Defendant-Appelle's Answering Brief, *Laver v. Credit Suisse Securities (USA) LLC*, No. 18-16328 (9th Cir. Mar. 5, 2019), Ninth Cir. ECF No. 15 at 32–34. In this action, Credit Suisse seeks to compel arbitration of those same claims. *See* Pet.

Civ. 6049, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) ("Where it is efficient for a trial court's docket and the fairest course for the parties, a stay may be proper even when the issues in the independent proceeding are not necessarily controlling of the action before the court.").

Second, because both cases involve the same issues, staying this case "will potentially avoid inconsistent judgments that could result if both courts proceeded simultaneously." *Catskill Mountains*, 630 F. Supp. 2d at 306 (internal quotation marks, alterations, and citation omitted). For example, if this Court compels arbitration, and the Ninth Circuit reverses Judge Orrick's ruling, the parties will be left with conflicting rulings.

Moreover, Laver concedes that he will be required to arbitrate his claims if Judge Orrick's order is affirmed. Resp. Mem. at 15 ("If the Ninth Circuit affirms Judge Orrick's order . . . Laver would then have to arbitrate in FINRA."). Thus, there is a possibility that this Court will not need to rule on the petition to compel.[5] Therefore, the Court finds that the third factor, the interests of the courts, weighs strongly in favor of granting the stay.

With respect to the fourth factor, the interests of nonparties are inconsequential here for the same reasons that the prejudice of any delay to Credit Suisse is minimal. The fifth factor, the interest of the public, weighs slightly towards granting the stay because, although the public has an interest in the speedy resolution of every case, "the public is also not served by any wasting of judicial resources." *Royal Park Invs.*, 2018 WL 3849840, at *3; *see also Specrite Design, LLC v. Elli N.Y. Design Corp.*, No. 16 Civ. 6154, 2017 WL 3105859, at *6 (S.D.N.Y. July 20, 2017) ("Generally, considerations of judicial economy are viewed as relevant to the public interest.").

---

[5] The Court is cognizant that Credit Suisse maintains the position that the EDRP added FINRA as a forum after Laver resigned, however, Credit Suisse has indicated that it might be amenable to arbitrate in FINRA. *See* ECF No. 5 at 6 n.2 ("Although FINRA was added as a forum for arbitration only after Respondent resigned, Credit Suisse would agree to arbitrate in FINRA at stage three of the EDRP if that is Respondent's preference."). Regardless, as discussed above, the Ninth Circuit ruling will be useful to this Court if the parties require a ruling on the petition.

Accordingly, after balancing all the factors, the Court finds that a stay is appropriate here.

## CONCLUSION

For the reasons stated above, Laver's motion to dismiss the complaint, or in the alternative, to stay the case is GRANTED insofar as it seeks a stay, and terminated without prejudice in all other respects. This action is STAYED pending the Ninth Circuit's decision. Within three days of any ruling on the appeal pending in *Laver v. Credit Suisse Securities (USA) LLC*, No. 18-16328 (9th Cir. July 17, 2018), the parties shall notify the Court by filing a joint letter on the docket.

The Clerk of Court is directed to stay the action and terminate the motion at ECF No. 30.

SO ORDERED.

Dated: May 29, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge